IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL PARKER, )
)
Plaintiff, )
)
v. ) 1:21CV173
)
CAPTAIN TORRES, et al., )
)
Defendants. )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendant Brian Kerstetter's ("Defendant") motion to dismiss Plaintiff Michael Parker's Complaint for failure to exhaust his administrative remedies as required under the Prisoner's Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"). (Docket Entry 16.)[1] Plaintiff did not file a response. In support of Defendant's motion, Kimberly D. Grande of the North Carolina Department of Public Safety's ("NCDPS") Inmate Grievance Resolution Board ("IGRB") submitted a Declaration and several exhibits pertaining to Plaintiff's exhaustion of remedies. (Docket Entries 17-2, 17-3, 17-4.) Accordingly, the Court recommends that Defendant's motion be construed as a Rule 12(b)(6) motion converted to a Rule 56 motion for summary judgment, and that summary judgment be granted in favor of Defendant.

---

[1] Defendant Kerstetter is the only Defendant remaining in this action. All other Defendants have been dismissed without prejudice. (*See* Docket Entry 20.)

1

## I. BACKGROUND

Plaintiff, a *pro se* prisoner, filed this action against all Defendants, who were staff members of Scotland Correctional Institution ("Scotland"), for violation of his constitutional rights under the Eighth and Fourteenth Amendments. Plaintiff alleges that Defendants used excessive force during a March 2019 incident where Defendants "repeatedly beat[], punched, kicked, and choked" Plaintiff while he was handcuffed and was not resisting. (*See* Complaint at 5-7, Docket Entry 2.)[2]

Specifically, Plaintiff claims that he was handcuffed during the early morning hours on March 10, 2019, and was escorted by Defendants away from the D-Block on the Blue Unit at Scotland. (*Id.* at 5.) While being escorted, Plaintiff claims that Defendants rammed his face into the metal door frame and slammed his face into the floor as they took him down the hallway. (*Id.*) One defendant, Officer Moreno, then jumped on Plaintiff's back and placed him in a chokehold, which impacted Plaintiff's breathing. (*Id.* at 5-6.) Plaintiff then alleges that another defendant, Captain Torres, stated, "don't get caught on camera doing anything wrong, wait until we get to receiving." (*Id.* at 6.) In receiving, Plaintiff alleges that Defendants continued to beat him "because it was off camera." (*Id.*) Plaintiff was then stripped searched and taken to medical, where he received seven stitches above his right eye and was given an ice pack for his swelling and Ibuprofen for the pain. (*Id.*)

When asked on the instant Complaint whether he filed a formal grievance concerning the above-mentioned allegations, Plaintiff marked "yes." (*Id.* at 9.) Further, when asked if the

---

[2] Unless otherwise noted, all citations in this recommendation refer to the page numbers at the bottom right-hand corner of the documents as they appear in the Court's CM/ECF system.

Case 1:21-cv-00173-CCE-JLW Document 21 Filed 07/28/22 Page 2 of 13

grievance process was completed, Plaintiff again marked "yes." (*Id.*) Though Plaintiff gave no further information concerning the completion of the grievance process, it appears that Plaintiff did attach a copy of the grievance related to the incident that was dated March 21, 2019. (*See id.* at 13.) In this grievance, Plaintiff requested that Defendants be disciplined as the remedy. (*Id.*) The grievance was received by prison officials on April 5, 2019. (*See id.*)

After Defendant Kerstetter's motion for an extension of time to file an answer was granted, (*See generally* Docket Entry 11; Text Order dated 12/1/2021), he filed the instant motion to dismiss. (Docket Entry 16.) Defendant moves pursuant to Rule 7 of the Federal Rules of Civil Procedure and the PLRA. (*Id.*) In his memorandum in support of the motion, Defendant solely argues that Plaintiff failed to exhaust his administrative remedies through Scotland's grievance system. (Docket Entry 17.) Defendant's argument relies on the attached copy of the NCDPS's Administrative Remedy Procedure ("ARP") that Plaintiff needed to follow, (Docket Entry 17-1), the Declaration of Kimberly Grande (Docket Entry 17-2), and two grievances filed and exhausted by Plaintiff. (Docket Entries 17-3, 17-4.)

On January 24, 2022, a "Roseboro Letter"[3] was sent to Plaintiff at the address on file with the Court (at Bertie Correctional Institution), informing Plaintiff that a motion to dismiss had been filed and advising him of the consequences should he fail to respond. (Docket Entry 18.) Plaintiff did not file a response.

---

[3] A notice sent pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975) advises a *pro se* plaintiff of his right to file responses to dispositive motions filed by defendants.

## II. DISCUSSION

As an initial matter, because Plaintiff "fail[ed] to file a response [to Defendant's motion to dismiss] within the time required by [this Court's Local Rules], the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." M.D.N.C. LR 7.3(k); *see also Kinetic Concepts, Inc. v. ConvaTec Inc.*, No. 1:08CV918, 2010 WL 1667285, at *6-8 (M.D.N.C. Apr. 23, 2010) (unpublished) (analyzing this Court's Local Rules 7.3(f), 7.2(a), and 7.3(k) and discussing authority supporting proposition that failure to respond to argument amounts to concession). "Plaintiff's status as a *pro se* litigant does not excuse his inaction." *Simpson v. Hassan*, No. 1:08CV455, 2014 WL 3547023, at *1 n.4 (M.D.N.C. July 16, 2014) (unpublished). Alternatively, as explained below, the Court should construe Defendant's motion to dismiss as a Rule 12(b) motion converted to a motion for summary judgement, which should be granted.

### A. Construction of Defendant's Motion

Defendants motion contends that, pursuant to the PLRA, the Court should dismiss Plaintiff's Complaint for failure to exhaust administrative remedies. (*See* Docket Entry 16; *See also* Docket Entry 17.) As a preliminary matter, the undersigned notes that Defendant improperly cites Rule 7 in conjunction with the PLRA as his procedural vehicle for dismissal of this case. (*See* Docket Entry 17.) However, given the substance of the motion, the procedural posture of this case and because this motion was filed in lieu of an answer, this Court considers Defendant's motion to dismiss under Rule 12(b)(6) motion. *See Roberts v. Am. Neighborhood Mort. Acceptance Co.*, No. CV JKB-17-0157, 2017 WL 3917011, at *3 n. 2 (D. Md. Sept. 6, 2017) (unpublished) ("In accordance with the basic philosophy of the federal rules,

4

the substance of a party's defense or objection rather than its form will control the district court's treatment of a Rule 12(b) motion or a responsive pleading.") (citation omitted). Moreover, and as further explained herein, Defendant's motion should be converted to a motion for summary judgment after reliance upon, and the Court's consideration thereto, of materials outside the Complaint. *See Bennett v. Gregory*, No. 3:15-0493, 2015 WL 10012986, at *2 (M.D. Tenn. Aug. 17, 2015) (unpublished) (converting a motion to dismiss for failure to exhaust administrative remedies into a motion for summary judgment under Rule 12(d), even though "[d]efendants fail[ed] to provide a procedural basis for their motion"), *report and recommendation adopted*, No. 3:15-0493, 2016 WL 454781 (M.D. Tenn. Feb. 5, 2016) (unpublished); *Washington v. Hindsley*, No. 3:14-CV-01465, 2014 WL 6818965, at *2 (M.D. Tenn. Dec. 2, 2014) (same).

**B. Relevant Standard**

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a court must determine whether the complaint is legally and factually sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.; see also Simmons v. United Mortg. and Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its

face.") (citations and quotations omitted). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557). Here, however, Defendant also submitted evidence relating to Plaintiff's use of Scotland's formal grievance process. (*See generally* Docket Entries 17-2, 17-3, 17-4)

Specifically, Defendant submitted the Grande's declaration and two attachments, which are copies of the only formal grievances filed and fully exhausted by Plaintiff through Step 3 of the ARP between January 2019 and November 29, 2021. (*See* Grande Decl. ¶¶ 9-10, Docket Entry 17-2; *see also* Docket Entries 17-3, 17-4.) Defendant relies upon such information to demonstrate that Plaintiff did not fully exhaust his administrative remedies regarding the allegations asserted in the instant Complaint. Because these documents contain information not referenced in the complaint and because the Court considers this evidence in disposing of this pending motion, Defendant's motion to dismiss should be converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *see also Johnson v. Wolfe*, No.

6

Civ.A. ELH-13-719, 2014 WL 2651184 at *2-3 (D. Md. June 11, 2014) (unpublished) (construing motion to dismiss as a motion for summary judgment where the movant attached several exhibits supporting movant's position which were not excluded by the court); *Morris v. Lowe's Home Ctrs., Inc.*, No. 1:10–CV–388, 2011 WL 2417046, at *2 (M.D.N.C. June 13, 2011) (unpublished) ("When 'matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56.'").

When construing a motion to dismiss as a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the [converted] motion." *See* Fed. R. Civ. P. 12(d). "[T]he term 'reasonable opportunity' requires that all parties be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment, with the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (alteration, some internal quotation marks, and citation omitted).

The Court finds that Plaintiff was afforded appropriate notice and reasonable opportunity to respond in this matter. First, Defendant submitted evidence in support of the motion to dismiss that was "outside the pleadings, putting [Plaintiff] on notice of possible conversion." *Fornshill v. Ruddy*, No. 95-2490, 89 F.3d 828 (table), 1996 WL 333223, at *2 (4th Cir. June 11, 1996) (unpublished)); *see also Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260-261 (4th Cir. 1998) ("Setting aside the caption for a moment, we note that the [D]efendant submitted affidavits and other materials with its motion. . . . Therefore, by operation of the Federal Rules of Civil Procedure, [P]laintiff also should have been on notice

7

that the [D]efendant's motion could be considered by the court to be a summary judgment motion.").

Second, Plaintiff was further put on notice by the *Roseboro* letter sent to him, which advised him:

> Defendant, Officer [Kerstetter], filed a Motion to Dismiss on January 24, 2022, which may or may not be supported by affidavits.
>
> You have the right to file a 20-page response in opposition to this motion. *Your failure to respond or, if appropriate, to file affidavits or evidence in rebuttal within the allowed time may cause the court to conclude that the defendant's contentions are undisputed and/or that you no longer wish to pursue the matter. Therefore, unless you file a response in opposition to the motion, it is likely your case will be dismissed, or judgment granted in favor of the defendants.* A response to a Motion to Dismiss must be filed within 21 days from the date of service of the Motion upon you.
>
> Any response you file should be accompanied by a brief containing a concise statement of reasons for your opposition and a citation of authorities upon which you rely. *You are reminded that affidavits must be made on personal knowledge, contain facts admissible in evidence and be made by one shown to be competent to testify.* A false statement under oath or under penalty of perjury may be a crime punishable as provided by law.

(Docket Entry 18) (emphasis added). Because the *Roseboro* Letter advised Plaintiff to respond with "affidavits or evidence in rebuttal," he was put on notice that the Court might consider summary judgment, and conversion is therefore proper.

Moreover, the Court notes that Plaintiff did not even need to respond to the merits of Defendant's allegations to prevent this summary judgment recommendation. If there was any doubt as to whether Plaintiff had failed to exhaust his administrative remedies, Plaintiff merely needed to file "an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, 'for specified reasons, [Plaintiff] cannot present facts essential to justify [Plaintiff's] opposition, without needed discovery'." *Johnson*, 2014 WL 2651184, at *2 (citations

8

omitted). Though given reasonable opportunity to request further discovery, Plaintiff failed to do so.[4] Accordingly, the Court concludes that Plaintiff was on notice of the possibility of summary judgment against him and was subsequently afforded "reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also Herbert v. Saffell*, 877 F.2d 267, 270 (4th Cir. 1989) (treating district court's holding as a grant of summary judgment, where "[t]he [plaintiffs] had ample opportunity to bring forth evidence to show that genuine issues of material fact remained"); *Pegram v. Williamson*, No. 1:18CV828, 2020 WL 564136, at *5 (M.D.N.C. Feb. 5, 2020) (finding that the plaintiff was warned of the threat of summary judgment in *Roseboro* notice, and was thus provided sufficient opportunity to respond pursuant to Rule 12(d)); *Learson v. Berryhill*, No. 1:18CV348, 2018 WL 4717973, at *3 (M.D.N.C. Oct. 1, 2018) (concluding that issuance of a *Roseboro* letter provided pro se claimant with a reasonable opportunity to respond and therefore permitted conversion of a motion to dismiss to a motion for summary judgment). For these reasons, summary judgment on the issue of exhaustion of administrative remedies is proper.

**B. Rule 56 Requirements**

In analyzing a summary judgment motion, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the

---

[4] While Plaintiff's failure to file an affidavit may be excused, *see Johnson*, 2014 WL 2651184, at *2, Plaintiff has not responded nor has otherwise filed anything that serves as a "functional equivalent of an affidavit." *Id.* (citation omitted).

9

nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The movant bears the burden of establishing the absence of a genuine dispute of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and "any factual assertion in the movant's affidavits will be accepted . . . as being true unless the plaintiff submits his own affidavits or other documentary evidence contradicting the assertion," *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992) (internal quotation marks omitted).

"While the Court will view the facts and inferences drawn in the light most favorable to the nonmoving party, the party opposing the motion for summary judgment must put forth specific facts showing a genuine issue for trial." *Dunn v. Aclairo Pharm. Dev. Grp., 401(K) Plan*, No. 1:15-CV-975, 2016 WL 592787, at *2 (E.D. Va. Feb. 10, 2016) (citing *Anderson*, 477 U.S. at 248). In that regard, the nonmoving party cannot rest on conclusory allegations or denials, and "[t]he mere existence of a scintilla of evidence" will not defeat a summary judgment motion. *Anderson*, 477 U.S. at 252, 256.

Here, Defendant contends that he is entitled to the dismissal of this case because Plaintiff did not exhaust his administrative remedies before filing this action. (Docket Entry 17.) In support of his motion, Defendant relies on the declaration of Grande who currently serves as the Executive Director of the IGRB, which is charged with the investigation of inmate grievances pursuant to the ARP. (Grande Decl. ¶¶ 3-4.) Grande explained the ARP process. (*Id.* ¶¶ 6-8.) She stated that an appeal to her agency is the third and final step of the three-tier review process proscribed by the ARP. (*Id.* ¶ 5.) Further, Grande stated that exhaustion of remedies by an offender in custody of the NCDPS is not complete until her agency has completed its review and an order is issued. (*Id.* ¶¶ 5, 8.)

10

Case 1:21-cv-00173-CCE-JLW Document 21 Filed 07/28/22 Page 10 of 13

Grande reviewed the IGRB records for all Step 3 grievance appeals submitted by Plaintiff between January 1, 2019, and November 29, 2021. (*Id.* ¶ 9.) She states that only two grievances were filed and exhausted through Step 3, neither of which appear to be related to the allegations asserted in the instance action. (*See id.* ¶ 10; *see also* Docket Entry 17-3 (grievance concerning eye care at another prison facility), Docket Entry 17-4 (grievance concerning August 23, 2021 incident at another prison facility).) In addition, both grievances were filed after Plaintiff initiated this federal suit.

<u>Failure to Exhaust Administrative Remedies</u>

Defendant asserts that Plaintiff has failed to exhaust his administrative remedies prior to filing suit. (*See* Docket Entry 17.) The undersigned agrees. The PLRA requires inmates to properly exhaust administrative remedies before filing civil actions challenging the conditions of their confinement. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). The exhaustion requirement applies "to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). It is well-settled by now that Section 1997e's exhaustion requirement is mandatory.[5] *See Jones v. Bock*, 549 U.S. 199, 211 (2007); *see also Woodford*, 548 U.S. at 90-91 (stating that the PLRA requires "proper exhaustion," which "demands compliance with an agency's deadlines and other

---

[5] The Court recognizes that a prisoner's failure to exhaust administrative remedies may be excused when prison officials hinder, delay, or otherwise prevent prisoners from availing themselves of administrative procedures. *See Hill v. Haynes*, 380 F. App'x 268, 270 (4th Cir. 2010). However, Plaintiff has neither responded to Defendant's motion, nor otherwise presented any factual support for this exception to be applicable to the disposition of this motion.

critical procedural rules"); *Anderson v. XYZ Correctional Health Servs., Inc.*, 407 F.3d 674, 676-77 (4th Cir. 2005) (citing *Porter*, 534 U.S. at 524).

The ARP governs the filing of grievances in each of the NCDPS's correctional facilities. *See, e.g., Moore*, 517 F.3d at 721. (*See also* Docket Entry 17-1.) Under the ARP, an incarcerated person does not exhaust his administrative remedies with NCDPS until he completes all three steps of the ARP. (*See* Docket Entry 17-1 at 9 ("The decision by the IGE . . . shall constitute the final step of the Administrative Remedy Procedure.").) A review of Plaintiff's Complaint, his attached grievance, and the exhibits attached to Defendants' motion demonstrates that Plaintiff did not exhaust his administrative remedies.

First, the uncontested evidence shows that Plaintiff understood the ARP. NCDPS policy requires written notification of the ARP to be given to inmates during orientation along with oral explanation of the procedure. (*See* Docket Entry 17-1 at 1.) Plaintiff initiated Step 1 of the ARP by filing a formal grievance concerning the underlying allegations of this action. (Compl. at 13.) He had a two-year window between March of 2019, when the alleged assault occurred, and March of 2021, when Plaintiff brought this suit, to file and fully exhaust his grievance concerning the allegations underlying this matter. However, the uncontested evidence shows that Plaintiff never exhausted this formal grievance by appealing it through all three tiers of the review process. Rather, Plaintiff only appealed and fully exhausted two formal grievances between January 1, 2019 and November 29, 2021, neither of which were relate to this matter. (*See* Docket Entries 17-3, 17-4.) When asked about administrative remedies, Plaintiff indicated that he exhausted them. (Compl. at 9.) Nevertheless, in the absence of any response or further evidence, Plaintiff's indications that he had exhausted his

12

administrative remedies are nothing more than conclusory assertions lacking sufficient factual basis to defeat summary judgment. *See Anderson*, 477 U.S. at 252, 256.

In sum, there exists no genuine issue of material fact that Plaintiff did not exhaust his administrative remedies by completing the three-step process required by the ARP before filing this lawsuit. Plaintiff has presented no evidence to the contradict this finding. Therefore, Defendant's motion should be granted.

## III. CONCLUSION

For the reasons stated herein, **IT IS RECOMMENDED** that Defendant Officer Kerstetter's Motion to Dismiss Plaintiff's Complaint (Docket Entry 16), converted to a motion for summary judgment, be **GRANTED** and that this action be dismissed without prejudice.

*[Signature]*

Joe L. Webster
United States Magistrate Judge

July 28, 2022
Durham, North Carolina